## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **COPT DEFENSE PROPERTIES, L.P.,** | ) | |
| 6711 Columbia Gateway Drive, Suite 300 | ) | |
| Columbia, MD 21046 | ) | |
| | ) | Case No. |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **OFFICE OF THE DIRECTOR OF** | ) | |
| **NATIONAL INTELLIGENCE** | ) | |
| 1500 Tysons McLean Dr., | ) | |
| McLean, VA 22102 | ) | |
| | ) | |
| *Defendant.* | ) | |

## COMPLAINT

Plaintiff COPT Defense Properties, L.P., ("Plaintiff" or "COPT"), hereby brings this Freedom of Information Act ("FOIA") suit pursuant to 5 U.S.C. § 552 to compel Defendant Office of the Director of National Intelligence ("ODNI" or "Defendant") to process and produce certain public records pertaining to Liberty Crossing Intelligence Campus.

## JURISDICTION AND VENUE

1.      This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

2.      Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

3.      Plaintiff COPT provides real estate for government, defense, and IT sectors. COPT owns, manages, leases, develops, and acquires mission critical properties. COPT is the preeminent provider of real estate services to the U.S. government, defense, and IT contractors.

1

4.      Defendant Office of the Director of National Intelligence is a federal agency, is an agency within the meaning of 5 U.S.C. § 552(f)(1), and is subject to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

## STATUTORY BACKGROUND

5.      FOIA's basic purpose is to promote and ensure government transparency. FOIA requires federal agencies to release requested records to the public unless one or more specific statutory exemptions applies. 5 U.S.C. § 552(b)(1)-(9).

6.      Within 20 working days of receiving a FOIA request, an agency must determine if it will release requested records and notify the requester of its determination and the reasons therefor, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an adverse agency determination. *Id*. § 552(a)(6)(A)(i).

7.      Only in "unusual circumstances" may an agency extend the time to make a final determination by no more than 10 additional working days, but it must provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched." *Id*. § 552(a)(6)(B)(i). If the agency provides written notice that the request cannot be processed within the specified time limit, the agency shall provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id*. § 552(a)(6)(B)(ii). And it shall make available its FOIA Public Liaison to "assist in the resolution of any disputes between the requester and the agency." *Id.*

8.      FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request. *Id*.

§ 552(a)(3)(C)-(D).

9.      FOIA requires federal agencies to promptly disclose requested records. *Id*. § 552(a)(3)(A), (a)(6)(C)(i).

10.     In certain limited instances, records may be withheld pursuant to nine specific exemptions. *Id*. § 552(b). These exemptions must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

11.     FOIA places the burden on the agency to prove that it may withhold responsive records from a requester. *Id*. § 552(a)(4)(B).

12.     FOIA provides this Court the authority "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id*. § 552(a)(4)(B).

## THE FOIA REQUEST

13.     On September 6, 2023, COPT submitted a FOIA request to ODNI seeking three categories of documents, namely:

1.  Any and all Purchase Options related to Liberty Crossing Intelligence Campus located at 1500 Tysons McLean Dr, McLean VA 22102 after January 1, 2020.

2.  Documents sufficient to show the purchase price for the sale of Liberty Crossing Intelligence Campus located at 1500 Tysons McLean Dr, McLean VA 22102.

3.  Any and all leases and lease extensions pertaining to Liberty Crossing Intelligence Campus located at 1500 Tysons McLean Dr, McLean VA 22102 after January 1, 2000.

A copy of this request is attached hereto as **Exhibit A.**

14.     On October 5, 2023, COPT received a letter from ODNI acknowledging receipt of the FOIA request. The letter stated "ODNI will begin processing this case in accordance with when

it was received" but provided no further information regarding when COPT could expect a response. A copy of this communication from ODNI is attached hereto as **Exhibit B.**

15.     The FOIA request was assigned tracking number DF-2023-00322.

16.     The records are in the custody of ODNI.

17.     ODNI's response to the request was due October 5, 2023.

18.     As of the date of this filing, ODNI has not substantively responded to the FOIA requests or produced any responsive documents.

19.     ODNI should have provided Plaintiff with the requested documents within the 20-day mandatory period required by 5 U.S.C. § 552(a)(6)(A)(i) for non-expedited requests.

20.     To date, ODNI has not provided the documents requested by Plaintiff in its September 6, 2023 request.

21.     Plaintiff has a statutory right under FOIA to review and copy the materials requested.

22.     ODNI has not responded, as legally required, to the September 6, 2023 request within the statutory time period.

23.     ODNI's failure to respond to Plaintiff's request within the statutory time period amounts to a constructive exhaustion of Plaintiff's administrative remedies under FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

### COUNT I
### VIOLATION OF FOIA, 5 U.S.C. § 552
### Failure to Respond to FOIA Requests within the Statutory Time Period

24.     Plaintiff incorporates and re-alleges paragraphs 1-23 as if set forth herein.

25.     ODNI is a federal agency, is an agency within the meaning of 5 U.S.C. § 552(f)(1), and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

26.     ODNI has the requested records within its possession, custody, and control.

27.     The requested records are not exempt from disclosure under FOIA.

28.     ODNI has failed to produce the requested materials within the statutory time period and/or failed to cite to any exemptions that would justify withholding the responsive documents.

29.     Plaintiff has a statutory right to the information it seeks and that ODNI has failed to provide, in violation of ODNI's statutory obligations. ODNI violated Plaintiff's rights when it unlawfully failed to timely provide all records that are responsive to Plaintiff's FOIA requests.

30.     Plaintiff's activities will be adversely affected if ODNI continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to Plaintiff's FOIA requests. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, ODNI will continue to violate Plaintiff's rights to receive public records under FOIA. ODNI's failure to respond to Plaintiff's request within the statutory time period amounts to a constructive exhaustion of Plaintiff's administrative remedies under FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

31.     Therefore, ODNI has withheld responsive agency records from Plaintiff in violation of FOIA, 5 U.S.C. § 552 (a)(3).

32.     Plaintiff has been harmed by ODNI's failure to comply with FOIA.

### COUNT II
### VIOLATION OF FOIA, 5 U.S.C. § 552
### Failure to Produce Records

33.     Plaintiff incorporates and re-alleges paragraphs 1-32 as if set forth herein.

34.     ODNI is a federal agency, is an agency within the meaning of 5 U.S.C. § 552(f)(1), and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

35.     ODNI has the requested records within its possession, custody, and control.

36.     The requested records are not exempt from disclosure under FOIA.

37.     ODNI has failed to produce the requested materials within the statutory time period, and/or failed to issue any determination.

38.     Plaintiff has a statutory right to the information it seeks and that ODNI has failed to provide, in violation of ODNI's statutory obligations.

39.     ODNI violated Plaintiff's rights when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to Plaintiff's FOIA requests.

40.     Plaintiff's activities will be adversely affected if ODNI continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to Plaintiff's FOIA requests.

41.     Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, ODNI will continue to violate Plaintiff's rights to receive public records under FOIA.

42.     ODNI's failure to respond to Plaintiff's request within the statutory time period amounts to a constructive exhaustion of Plaintiff's administrative remedies under FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

43.     Therefore, ODNI has withheld responsive agency records from Plaintiff in violation of FOIA, 5 U.S.C. § 552 (a)(3).

44.     Plaintiff has been harmed by ODNI's failure to comply with FOIA.


WHEREFORE, PLAINTIFF respectfully requests the Court:

i.      Declare that ODNI's failure to timely respond is an unlawful violation of FOIA;

ii.     Order ODNI to make all requested records available to Plaintiff, unredacted and without further delay;

iii.  Enjoin ODNI from withholding non-exempt public records under FOIA;

iv.  Award Plaintiff its attorneys' fees and costs; and

v.  Award such other relief that the Court deems just and proper.

DATED: January 17, 2024                    Respectfully Submitted,

/s/ Cynthia A. Gierhart
Cynthia A. Gierhart, D.C. Bar No. 1027690
Sara J. Benson, D.C. Bar No. 1767612
HOLLAND & KNIGHT LLP
800 17th Street NW, Suite 1100
Washington, D.C. 20006
Tel: (202) 955-3000
Fax: (202) 955-5564
Cindy.Gierhart@hklaw.com
Sara.Benson@hklaw.com